**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Scott Wiederhold

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SCOTT WIEDERHOLD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**PAYPAL, INC.,**<br><br>Defendant. | **Case No.:**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION RELIEF**

## INTRODUCTION

1. SCOTT WIEDERHOLD ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of PAYPAL, INC. ("Defendant"), in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.   TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION RELIEF**   PAGE 1 OF 11

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a) because Defendant is headquartered in the County of Santa Clara, City of San Jose, State of California; Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; Defendant's contacts with this District are sufficient to subject it to personal jurisdiction; and, a substantial part of the events giving rise to the claims at issue herein occurred in this District.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 277(a)(2)(A).

9. Defendant is a company that permits users to make and/or accept digital payments and is a "person" as defined by 47 U.S.C. § 227(a)(2)(A). Defendant's principal place of business is in Santa Clara County, City of San Jose, State of California.

## FACTUAL ALLEGATIONS

10. Plaintiff alleges that at all times relevant herein Defendant conducted business in, and is incorporated in San Jose, California, within this judicial district.

11. On February 3, 2016, Plaintiff received an e-mail from Defendant informing Plaintiff that Defendant needed Plaintiff's help resolving an alleged issue with Plaintiff's account that Defendant deemed "unusual activity."

12. A true and correct of said e-mail appears below:



Dear scott wiederhold,
We need your help resolving an issue with your PayPal account. Until you help us resolve this issue, we've temporarily limited what you can do with your account.
What's going on?
What to do next
Please log in to your PayPal account and complete the steps to confirm your identity and recent account activity. To help protect your account, access will remain limited until you complete the necessary steps.
The security of your PayPal account is a top priority for us and we want to work together to help protect it.
If you need help or have any questions, call us at 1-888-221-1161, 5:00 AM to 10:00 PM PT and Sat-Sun 6:00 AM to 8:00 PM PT. Please note that hours of operation may vary on holidays.

Sincerely,
PayPal

13. Upon receipt, Plaintiff was immediately concerned that a serious issue such as identity theft, a compromise to Plaintiff's funds or some other fraudulent activity occurred.

14. Thus, Plaintiff logged into Plaintiff's account as instructed by Defendant in Defendant's February 3, 2016 e-mail.

15. Upon visiting Defendant's website, Plaintiff was given the following three methods by which to confirm Plaintiff's identity: (a) receive a text message; (b) receive an automated phone calls; or, (c) upload proof of identity.

16. With regard to the third option, uploading proof of identity, Plaintiff was explicitly informed that this option "[t]akes longer."

17. Since Defendant stated that the third process would take longer, Plaintiff selected to receive a text message.

18. Plaintiff believed that the less expeditious option would cause Plaintiff further damage.

19. Shortly after electing to receive the text message, Defendant sent the following text message to Plaintiff's cellular telephone:

> PayPal: Your security code is: 800124. Your code expires in 5 minutes. Please don't reply.

20. While Plaintiff followed the necessary steps to obtain more information regarding the "unusual activity" taking place with Plaintiff's account, Plaintiff did not receive additional information on this issue.

21. Instead, Plaintiff has received at least two prerecorded messages on Plaintiff's cellular telephone from Defendant advising Plaintiff that Plaintiff could lower Plaintiff's credit card rate if Plaintiff pressed one on Plaintiff's cellular telephone, an issue that had nothing to do with any "unusual activity" related to Plaintiff's account.

22. Defendant created the false impression that Plaintiff was urgently required to provide Plaintiff's contact information to Defendant to resolve a serious issue with Plaintiff's account.

23. Defendant required Plaintiff to provide said information as a condition of receiving further information about Plaintiff's account and also as a condition of continued usage of Plaintiff's account.

24. Plaintiff was unable to refuse such consent if Plaintiff wanted to continue usage of Plaintiff's account.

25. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to send the text messages and artificial or prerecorded messages to Plaintiff as prohibited by 47 U.S.C. § 227(b)(1)(A).

26. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

27. On information and belief, the telephony system utilized by Defendant operates as a predictive dialer.

28. These telephone communications constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4).

29. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

31. Plaintiff has never been in an "established business relationship" with Defendant as defined by 47 U.S.C. 227(a)(2), nor has Plaintiff ever sought Defendant's services at any point in the past.

32. Defendant lacked "prior express consent" to contact Plaintiff on Plaintiff's cellular telephone as described herein.

33. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

35. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any text message and/or prerecorded message from Defendant or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded message, which text message was not sent for emergency purposes within the four years prior to the filing of this Complaint.

36. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

37. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular

telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

38. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

39. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

40. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing and/or SMS texting system to any telephone number assigned to a cellular phone service;

    b) Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated);

    c) Whether Defendant's conduct was knowing and/or willful;

d) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

e) Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

41. As a person that received at least one telephonic communication from Defendant's ATDS without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

42. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

43. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

45. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

48. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

52. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

53. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and The Class Members pray for judgment as follows:

- Certifying the Class as requested herein;
- Providing such further relief as may be just and proper.

In addition, Plaintiff and The Class Members pray for further judgment as follows:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 18, 2016                                      Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s Matthew M. Loker____
    MATTHEW M. LOKER, ESQ.
    ATTORNEY FOR PLAINTIFF